James **DRIMMER**, on Behalf of Himself, All Others Similarly Situated, and the General Public, Plaintiff–Appellant,

v.

**WD–40 COMPANY, a California corporation, Defendant–Appellee.**

No. 07–56841.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2009.

Filed Aug. 19, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Sanford Svetcov, Coughlin Stoia Geller Rudman & Robbins, LLP, San Francisco, CA, Patricia N. Syverson, Esquire, Bonnett Fairbourn Friedman & Balint PC, Phoenix, AZ, for Plaintiff–Appellant.

Shannon Sweeney, San Diego, CA, for Defendant–Appellee.

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and WILKEN,* District Judge.

---

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

James Drimmer alleges that WD–40 Co. falsely markets its 2000 Flushes toilet cleaner as not harmful to plumbing or septic systems. He asserts claims for common-law negligence, false advertising in violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof.Code § 17200 *et seq.*, and breach of the implied warranty of fitness under California's Song–Beverly Act, Cal. Civ.Code § 1790 *et seq.* Drimmer appeals the decision of the district court not to certify a class on his UCL and Song–Beverly Act claims pursuant to Rule 23 of the Federal Rules of Civil Procedure. Under Rule 23, "[a]s the party seeking class certification, [Drimmer bore] the burden of demonstrating that [he] met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Zinser v. Accufix Research Institute, Inc.,* 253 F.3d 1180, 1186 (9th Cir.2001) (citation omitted).

The four prerequisites to class certification set forth in Rule 23(a) are generally described as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. *See* Fed.R.Civ.P. 23(a). The district court found that Drimmer's claim did not satisfy the commonality, typicality, and adequacy prerequisites. We review the district court's decision for an abuse of discretion. *Molski v. Gleich,* 318 F.3d 937, 946 (9th Cir.2003). A certification decision premised on legal error constitutes an abuse of discretion. *Id.* Because Drimmer must satisfy all of the Rule 23(a) prerequisites, we must affirm the district court if it correctly ruled on any of them. We conclude that the district court did not abuse its

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

discretion when it found that Drimmer was not an adequate class representative. We therefore affirm the district court.

"Rule 23(a)(4) permits the certification of a class action only if the representative parties will fairly and adequately protect the interests of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir.2003) (internal quotation marks omitted). To determine whether a proposed class representative adequately and fairly represents the proposed class, "we ask two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.* With respect to issue (1), the district court was concerned that Drimmer "holds different priorities and litigation incentives than a typical class member," and therefore concluded that the case did not satisfy Rule 23(a)(4)'s requirement that representative parties fairly and adequately protect the interests of the class. The district court based its finding on "the combination of a personal relationship [and] landlord-tenant relationship" between Drimmer and his attorney, and Drimmer's "inexplicable disinterest in pursuing all remedies available to him." These findings are sufficient to support the district court's discretionary decision that Drimmer was not an adequate class representative. Drimmer and his attorney worked together and are close friends. Drimmer's attorney was also his landlord. It is not an abuse of discretion to find that this relationship indicated a potential conflict of interest between Drimmer and his counsel and the proposed class members. The court was appropriately concerned that Drimmer's decisions may not be based on the best interests of class members, but on the best interests of his attorney.

Our colleague is concerned that the district court stated that no single factor was sufficient to disqualify Drimmer as an adequate class representative, and thus the relationship between Drimmer and his attorney would, alone, be insufficient to affirm the district court. We do not find any authority to suggest that Drimmer's personal and landlord-tenant relationship with his attorney would not be sufficient to deny class certification. Accordingly, we cannot say that the district court abused its discretion.

Because the district court did not abuse its discretion when determining that Drimmer was an inadequate class representative, and a finding of inadequacy is sufficient to deny class certification, we need not consider the other issues raised by Drimmer.

**AFFIRMED.**

WILKEN, District Judge, dissenting:

I respectfully dissent.

The district court concluded that Drimmer did not satisfy Rule 23(a)(4)'s requirement that representative parties fairly and adequately protect the interests of the class. The district court based its finding on two factors: "the combination of a personal relationship [and] landlord-tenant relationship" between Drimmer and his attorney, and Drimmer's "inexplicable disinterest in pursuing all remedies available to him." However, the court stated that "any one factor would not disqualify Drimmer."

Drimmer seeks restitution against WD–40 in the form of a refund of the purchase price of 2000 Flushes. He does not seek recovery of the cost of repairing damage to class members' toilets resulting from the use of 2000 Flushes. The district court believed that this evinced a conflict between Drimmer and members of the class

whose toilets had been damaged and who could potentially obtain monetary damages as a result.

Because a UCL claim is equitable in nature, prevailing plaintiffs are generally limited to injunctive relief and restitution; damages cannot be recovered. *In re Tobacco II Cases,* 46 Cal.4th 298, 312, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009). Damages were thus not available to Drimmer in connection with this claim, and he should not be considered an inadequate class representative for deciding not to seek them.

Damages were available in on Drimmer's negligence and Song–Beverly Act claims. However, Rule 23(b)(3) permits class certification only if "questions of law or fact common to class members predominate over any questions affecting only individual members." This predominance requirement prevents Drimmer from pursuing any claim on behalf of class members based on injury in the form of actual damage to class members' toilets, because doing so would require the introduction of individualized evidence and would preclude class certification under Rule 23(b)(3). In fact, the district court correctly found that class certification was unavailable on Drimmer's negligence claim because an individualized showing of damages was an element of the claim, and thus Rule 23(b)(3)'s predominance requirement could not be satisfied. Drimmer does not appeal the district court's decision to deny class certification of the negligence claim.

In contrast to the negligence claim, toilet damage is *not* an element of the type of Song–Beverly Act claim Drimmer asserts. *See Hicks v. Kaufman and Broad Home Corp.,* 89 Cal.App.4th 908, 918, 107 Cal.Rptr.2d 761 (2001). It was reasonable for Drimmer to believe that seeking compensation for toilet damage in connection with this claim would cause individualized issues to predominate, thereby rendering class certification inappropriate. Drimmer should not be declared an inadequate class representative because he declined to seek a remedy that would defeat class certification.

Nor would Drimmer's decision prejudice class members whose toilets *were* damaged. Those class members would not be precluded from pursuing their own negligence or Song–Beverly Act claims for toilet damage because such claims would require the introduction of individualized evidence and thus cannot be asserted in this action. *See Gregory v. Widnall,* 153 F.3d 1071, 1074 (9th Cir.1998) ("Res judicata (or claim preclusion) bars all grounds for recovery which *could have been asserted,* whether they were or not, in a prior suit between the same parties on the same cause of action.") (emphasis added).

Because the district court stated that no single factor was sufficient to disqualify Drimmer, it appears that the court would have found Drimmer to be an adequate class representative if it had not taken into account Drimmer's failure to seek damages for injury to class members' toilets and, instead, had only considered Drimmer's relationship with his attorney. It is also important to note the fact that the attorney is apparently no longer working on this case. Accordingly, I would remand for the district court to conduct a new inquiry on Drimmer's adequacy as class representative.

Because the majority affirms the district court on the basis of the district court's adequacy finding, it did not reach the issues of predominance, commonality and superiority. Because I would remand, I would also reach these issues and would find that the district court erred in its analysis of them.